# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, § <br> AS TRUSTEE FOR THE ABFS § <br> MORTGAGE LOAN TRUST 2003-2, § <br> MORTGAGE PASS-THROUGH § <br> CERTIFICATES, SERIES 2003-2, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> HESTER REESE, § <br> *Defendant* § | Case No. 1:20-CV-084-LY-SH |

## ORDER

Before the Court is Plaintiff's Motion to Appoint Ad Litem, filed August 27, 2020 (Dkt. 5). On April 29, 2020, the District Court referred all pending and future nondispositive and dispositive motions to the undersigned Magistrate Judge for resolution and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I. Background

On September 25, 2003, Lonnie Reese ("Mr. Reese") executed a Texas Home Equity Note in the principal amount of $55,900 ("Note") for real property located at 733 Martin Luther King Blvd., Elgin, Texas 78621 (the "Property"), payable to Home American Credit INC DBA Upland MTG ("Home American"). Dkt. 1-1 at 5. Concurrently with execution of the Note, Mr. Reese and Hester Reese[1] ("Defendant") executed a Deed of Trust granting Home American and its successors and assigns a security interest in the Property. *Id.* at 22. On January 21, 2012, the Deed of Trust and Note (together, the "Loan") were assigned and transferred to The Bank of New York Mellon,

---

[1] The Court assumes that Defendant is Mr. Reese's widow, but the parties have not conclusively stated that in their pleadings.

as Trustee for the ABFS Mortgage Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 ("Plaintiff"). *Id.* at 31.

On November 13, 2018, Mr. Reese passed away, and Defendant acquired all interest in the Property. On February 11, 2019, Plaintiff sent to Defendant a Notice of Default, notifying her that the Loan was in default and that she had 30 days to cure the default or the Property would be foreclosed on. *Id.* at 33. Defendant failed to cure the default and Plaintiff accelerated the debt. On January 23, 2020, Plaintiff filed this lawsuit against Defendant, seeking a declaratory judgment to establish a statutory probate lien and to foreclose on the Property. Dkt. 1.

Defendant, "an elderly widow with dementia," sought assistance from Advocacy Outreach, a social services organization in Elgin, Texas. Dkt. 5-1 at 2. On February 6, 2020, Beth Rolingson, the Executive Director of Advocacy Outreach, sent Plaintiff's counsel a letter, stating in part:

> Because of her cognitive impairment, Ms. Reese is in need of representation. She does not have the means to hire an attorney. We are a social services organization attempting to help her to gather and submit the documents required so that she does not lose her home and become homeless.

*Id.* Ms. Rolingson's letter also attached Defendant's "Answer" to the lawsuit and "Request for Representation," alleging the following:

> 1. Respondent generally denies the allegations in Petitioner's Original Petition.
>
> 2. Respondent, Lonnie Edward Reese, is deceased. Respondent, Hester Reese, is an elderly individual with cognitive impairment.
>
> 3. Respondent, Hester Reese, attempted to continue making monthly payments for the property now under an application for foreclosure. Petitioner returned payments.
>
> 4. Respondent, Hester Reese, attempted to comply with requirements to extend the mortgage but because of Respondent's cognitive limitations, she was unable to satisfy the lender.

>       5. Respondent requests the Court to appoint a Guardian Ad Litem to
>       insure an equitable conclusion to this Cause.

*Id.* at 3.

In its motion, Plaintiff joins Defendant in asking the Court to appoint a guardian *ad litem* to represent Defendant, pursuant to Federal Rule of Civil Procedure 17(c)(2). Accordingly, Defendant's Motion is unopposed.

## II.   Analysis

Rule 17(c)(2) provides that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Individuals are incompetent for Rule 17 purposes if they lack the capacity to litigate under the law of their domicile. *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006). "In Texas, the standard is whether individuals, by reason of mental or bodily infirmity, [are] incapable of properly caring for their own interests in the litigation." *Id.* (quoting *Lindly v. Lindly*, 113 S.W. 750, 752 (1908)); *Berger v. Berger*, 578 S.W.2d 547, 549 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ)). Both parties agree that because of her cognitive impairment, Defendant is incapable of properly caring for her own interests in this case.

Because Defendant is unrepresented and incompetent, the Court agrees that appointing a guardian *ad litem* is necessary to protect her interests. *See United States v. Simmons*, 590 F. App'x 367, 369 (5th Cir. 2014) ("D.M. is unrepresented; thus, under Rule 17(c)(2), the district court must appoint a guardian *ad litem* or 'issue another appropriate order' to protect her interests."). Accordingly, the Court **GRANTS** Plaintiff's Motion to Appoint *Ad Litem* (Dkt. 5) and **HEREBY APPOINTS** attorney Jennifer Librach Nall, partner, Baker Botts L.L.P., 98 San Jacinto Blvd.,

Suite 1500, Austin, TX 78701, jennifer.nall@bakerbotts.com, as guardian *ad litem* to represent Defendant Hester Reese's interests in this litigation. **IT IS FURTHER ORDERED** that the Clerk notify Ms. Nall of all filings in this case.

    **SIGNED** on September 20, 2020.

                                                SUSAN HIGHTOWER
                                                UNITED STATES MAGISTRATE JUDGE